JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

DEBORAH R. DOUGLAS (NYBN 2099372)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Facsimile: (510) 637-3724
    E-Mail: deborah.r.douglas@usdoj.gov

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 02-40170 DLJ |
| | No. CR 03-40165 DLJ |
| Plaintiff, | No. CR 04-40051 DLJ |
| v. | GOVERNMENT'S SENTENCING |
| | MEMORANDUM |
| CHERRYL FERGUSON, | |
| | Sentencing Date: March 5, 2010 |
| Defendant. | at 10 a.m. |

## I. INTRODUCTION

On January 29, 2010, defendant admitted to all of the charges in the three separate supervised release violation amended petitions under the above docket numbers CR 02-40170 DLJ (six charges), CR 03-40165 DLJ (six charges), and CR 04-40051 DLJ (five charges) as indicated in Part III below. At the time of sentencing on the original offenses on August 27, 2004, defendant's Criminal History Category was III (PSR ¶ 50).[1] Based upon the admitted Grade C violations, and a Criminal History Category of III, the applicable guideline range for each of the three petitions is 5 to 11 months in prison.

---

[1] The PSR referenced in the government's sentencing memorandum is the pre-sentence report under docket no. CR 03-40165 DLJ.

Defendant has three prior federal fraud convictions in three separate cases and three prior state fraud convictions in two separate cases. While on supervised release on the three federal convictions, defendant has continued to engage in a pattern of fraudulent criminal activities which will result in the presentment of a fourth federal indictment to the grand jury.[2] Also, while on supervised release, defendant was arrested and convicted for Driving Under the Influence of Alcohol. Defendant has admitted to, and should be held accountable for, all of the violations in the three petitions. Based upon the reasons set forth below, the United States respectfully submits that a sentence of five months in prison on each petition to run consecutively is a reasonable and appropriate sentence for this defendant.

## II. CRIMINAL HISTORY

### A. Federal Convictions

As more fully described in Part III below, defendant has federal convictions for Mail Fraud, in violation of 18 U.S.C. § 1341, under docket no. CR 02-40170 DLJ; and Fraud and Related Activity in Connection with Access Devices, in violation of 18 U.S.C. § 1029(a)(5), under docket nos. CR 03-40165 DLJ and CR 04-40051 DLJ.

### B. State Convictions

On or about September 3, 1997, defendant was convicted for Theft By Use of Access Card Data (2 felony counts), and was sentenced to 120 days jail, 48 months probation, and $22,624.12 in restitution (PSR ¶ 48).

On or about February 3, 1999, defendant was convicted for Fraud to Obtain Aid, a felony, and was sentenced to 60 days jail, 2 years probation, fine, and $9,195.00 in restitution (imposition of sentenced suspended) (PSR ¶ 49).

On or about May 18, 2009, defendant, while on federal supervised release, was convicted for Driving Under the Influence of Alcohol, and was sentenced to 2 days in jail and 36 months of probation (Attachment A).

---

[2] As the result of the extremely pressing workload of government's counsel, I did not have the opportunity to present an indictment to the grand jury in February 2010, but expect to do so shortly.

1    In addition to the convictions described above, defendant's other arrests include Assault

2    with a Deadly Weapon (not firearm) on June 30, 1996; Forgery on February 11, 1999; and Burglary

3    in the Second Degree and Theft by Forged/Invalid Access Card on May 20, 2009 (Attachment A).

4    **III.   BACKGROUND**

5    On February 27, 2004, Cherryl Ferguson entered guilty pleas to consecutive, unrelated

6    indictments under CR02-40170 DLJ [Mail Fraud] and CR03-40165 DLJ [Fraud and Related

7    Activity in Connection with Access Devices].  In the first case, defendant devised a scheme to

8    defraud Gap.com of $31,660.58 from approximately November 17, 1999 to December 10, 2001.

9    While on pre-trial release on the first case, defendant continued her criminal fraudulent activities

10   from approximately December 31, 2002 to June 29, 2003, which resulted in the second indictment.

11   In the second case, defendant and co-defendants Davina Renee Countee and Sabrina Hall defrauded

12   various department stores, including Macy's, of merchandise through the use of stolen credit card

13   account numbers.

14   While on pre-trial release on the first and second cases, defendant continued her criminal

15   fraudulent activities, which resulted in the third indictment under CR04-40051 DLJ.  Defendant

16   used an unauthorized access device to steal $1,770.00 from her employer Dr. Tara Starr, an

17   ophthalmologist, and was charged with Fraud and Related Activity in Connection with Access

18   Devices, in violation of 18 U.S.C. § 1029(a)(5).  On March 19, 2004, Ferguson entered a guilty

19   plea under CR04-40051 DLJ.

20   In her letter dated June 23, 2004 to the Honorable D. Lowell Jensen (which reveals facts

21   consistent with defendant's modus operandi [Attachment B]), Dr. Starr stated that she had hired

22   defendant as a receptionist in her medical office in September 2003 based upon defendant's false

23   resume and her denial of a criminal history.   Dr. Starr stated, inter alia, that, in addition to

24   defendant's four fraudulent transactions against the funds of Dr. Starr's medical practice, defendant

25   also embezzled cash from patients, including an elderly, gravely debilitated (blind and paralyzed)

26   female patient with multiple sclerosis.  Dr. Starr estimated that she had incurred over $28,000.00

27   in loss as the result of Ferguson's thefts, including cash, funds fraudulently obtained from the

28   medical practice's credit card machine, payments from patients, billing and bookkeeping software,

receipt books, and dozens of designer eyeglasses. Dr. Starr further stated that defendant opened Dr. Starr's personal mail, including a confidential payroll envelope, retrieved her own payroll check from the envelope, and obtained identity information about her co-workers. Defendant used Dr. Starr's identity to give herself a raise, and also used Dr. Starr's personal information to obtain a Capital One Credit Card and make purchases of over $800.00. Dr. Starr also believed that defendant stole her medical license from her wallet, thus enabling her to prescribe medication in Dr. Starr's name (Attachment B).

Although defendant quit before Dr. Starr could fire her, and therefore was not entitled to unemployment benefits, she applied for unemployment benefits under her married name, Cherryl M. Worley, and falsely claimed that she had been employed in Dr. Starr's office "for many months as a full-time employee." Dr. Starr had to expend significant time and resources to defend herself against defendant's fraudulent claims to the California State Labor Commission and the Social Security Administration. Dr. Starr stated that, after defendant left employment, "she threatened and warned me to not 'mess' with her" (Attachment B).

On August 27, 2004, defendant was sentenced on all three cases as follows:

1.     Docket No. CR 02-40170 DLJ: Defendant was sentenced for Mail Fraud, in violation of 18 U.S.C. § 1341, to 18 months in prison (concurrent with 30-month prison term under docket no. CR03-40165 DLJ), three years supervised release, $31,660.00 in restitution, and $100.00 special assessment (Attachment C).

2.     Docket No. CR 03-40165 DLJ: Defendant was sentenced for Fraud and Related Activity in Connection with Access Devices, in violation of 18 U.S.C. § 1029(a)(5), to 30 months in prison (concurrent with 18-month prison term under docket no. CR02-40170 DLJ), three years supervised release, $37,967.00 in restitution (joint and several with co-defendants Sabrina Hall and Davina Renee Countee), and $100.00 special assessment (Attachment D).

3.     Docket No. CR 04-40051 DLJ: Defendant was sentenced for Fraud and Related Activity in Connection with Access Devices, in violation of 18 U.S.C. § 1029(a)(5), to 8 months in prison (consecutive to the terms imposed under docket nos. CR02-40170 DLJ and CR03-40165-

DLJ), three years supervised release, $1,770.00 in restitution, and $100.00 special assessment (Attachment E).

Under all three dockets, defendant's conditions of supervised release included as follows:

> Special Condition No. 2: "The defendant shall not possess any false identification and shall provide his or her true identity at all times. The defendant is not to use any false identification and shall only use her true identity, Cherryl Ferguson at all times. If any other false identification is used, that is a violation of supervised release."

> Special Condition No. 6: "The defendant is not to open any new lines of credit and/or incur new debt without the prior approval of the probation officer."

> Special Condition No. 7: The defendant is not to be in a position of fiduciary capacity, or be employed in a position where she has access to financial and/or personal information, without the prior approval of the probation officer.

> Standard Condition No 13: "As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics . . ."

## IV.   THREE SUPERVISED RELEASE VIOLATION PETITIONS

On January 5, 2009, as amended on January 28, 2009, the Office of Probation filed three separate petitions charging defendant with violations of the terms of her supervised release under docket nos. CR 02-40170 DLJ, CR 03-40165 DLJ, and CR 04-40051 DLJ. The amended petitions charged as follows:

Charge One alleged that defendant was arrested on December 21, 2008 for Driving Under the Influence of Alcohol, in violation of California Vehicle Code § 23152(a).

Charge Two alleged that defendant failed to report her arrest on December 21, 2008 to the Office of Probation within 72 hours of being arrested.

Charge Three alleged that, although defendant generally had been making $100 monthly payments towards restitution, she had an outstanding balance of $30, 905.00 and $37,839.29 under docket nos. CR 02-40170 DLJ and CR 03-40165 DLJ, respectively.[3]

---

[3] The petition under docket no. CR 04-40051 DLJ does not include a restitution count.

5

1    Charge Four alleged that defendant failed to submit a truthful and complete written report,

2    i.e., she did not state in her monthly reports that she was employed at Lifelong Medical Adult Care

3    in Oakland, California.

4    Charge Five alleged that defendant failed to notify the Office of Probation within ten days

5    of any change in employment and, on January 23, 2009, denied to the probation officer that she was

6    employed at any place other than the work reported on her Monthly Supervision Report.

7    Charge Six alleged that defendant violated the special condition that she not be in a position

8    of fiduciary capacity or be employed in a position where she has access to financial and/or personal

9    information without the prior approval of the probation officer.

10    On January 29, 2010, defendant admitted to all of the charges in the three petitions.

11    **V. PENDING INVESTIGATION**

12    While defendant Cherryl Ferguson was on supervised release under the above docket

13    numbers, the Bay Area Identity Theft ("BAIT") Task Force located in Oakland, California,

14    conducted an investigation of numerous acts of fraud by the defendant.  The BAIT Task Force

15    consists of representatives from the U.S. Postal Inspection Service, U.S. Secret Service, Oakland

16    Police Department, and San Leandro Police Department.  The BAIT Task Force has discovered

17    overwhelming evidence that defendant, while on federal supervised release, has continued to engage

18    in a pattern of criminal activities involving identity theft and the use of her victims' personal and

19    financial information to open credit card accounts and to make purchases.  The facts set forth below,

20    which is supported by government counsel's declaration ( Attachment F), are based upon the BAIT

21    Task Force's investigation which includes, but is not limited to, interviews with victims, witnesses,

22    and defendant's former employers; documentary evidence; and investigations by Department Stores.

23    There are numerous victims and substantial loss involved in defendant's various fraudulent schemes

24    while on supervised release, which commenced on or about January 31, 2006.

25    Defendant's modus operandi appears to be targeting victims, primarily with the first name

26    "Cherryl," "Cheryl," "Sheryl," "Sherry," "Sherrell," or variations thereof.  For example, there are

27    at least sixteen fraudulent accounts (eight from Macy's and eight from Bloomindale's) with a

28    common thread that the first name of all of the victims is "Cheryl," "Cherryl," or "Sheryl" and that

1    the driver's license number used on all sixteen accounts is B9503121. The evidence that defendant

2    opened those fraudulent accounts includes, but is not limited to, the assignment of driver's license

3    no. B9503121 to defendant Cherryl Ferguson by the California Department of Motor Vehicles. The

4    Macy's investigator disclosed that the same Cherryl Ferguson was an employee of Macy's for two

5    months in 1999, and was fired for fraud.

6         Defendant's modus operandi also appears to be seeking employment at physician's offices

7    where she has the opportunity to steal the identity information of the physicians, patients or others

8    to open fraudulent credit card accounts.  Listed below are a few examples:

9         •    Defendant, using the name Cherryl Worley, was fired from the Allergy and Asthma

10   Medical Group, Walnut Creek, on November 29, 2006, after the identity information of a patient was

11   stolen from the Medical Group and used to make fraudulent transactions in Sacramento.  Other

12   identity theft victims were identified as patients at the Allergy and Asthma Medical Group.

13   Defendant admitted to a Walnut Creek police officer that she had lied to her employer in the

14   application process because she needed a job.

15        •    Another identity theft victim was a patient in the office of a surgeon in San Leandro,

16   where defendant, using the name Cherryl Worley, was employed from March 19, 2007 to August

17   27, 2007 when she was fired for mail theft.  Defendant had been in charge of opening all incoming

18   mail. The surgeon told BAIT Task Force members that defendant stole three incoming checks made

19   out to the surgeon from Medicare, Blue Cross, and the State of California.  Defendant attempted to

20   deposit or cash the checks at her credit union.  In August 2008, the credit union called the surgeon

21   asking if defendant had permission to pass the checks.  The surgeon told the credit union that

22   defendant did not have her permission.  On November 28, 2008, the surgeon was contacted by a

23   Staples Department Store manager regarding an outstanding unpaid balance of $2,187.65 on her

24   Staples credit card. The surgeon stated that she did not open this account. The Staples Department

25   Store manager told the surgeon that the account number was opened by a person using the first name

26   "Cherryl" with an address in Oakland that BAIT Task Force members knew was defendant's

27   residence.

28

1        &bull;      On August 10, 2007, defendant used a credit card fraudulently opened in the name

2  of a patient of defendant's former employer, the surgeon in San Leandro, to pay $4,000 of the $9,000

3  cost for cosmetic surgery performed on defendant by a plastic surgeon whose office was also located

4  in San Leandro.  While defendant was undergoing a follow-up medical procedure in the same plastic

5  surgeon's office on February 1, 2008, defendant asked a registered nurse to retrieve defendant's cell

6  phone from her purse.  As the nurse retrieved defendant's cell phone, the nurse noticed three

7  different California driver's licenses in defendant's purse. Two of the driver's licenses had

8  defendant's photograph on them, but with different printed names, and the third driver's license had

9  information and photograph of someone other than defendant.

10        &bull;      From May 2008 to January 29, 2009, defendant was employed at the Life Long

11  Medical Center, which is referenced in the three supervised release violation petitions.  The manager

12  of the Life Long Medical Center informed BAIT Task Force members that defendant had lied on her

13  application for employment, and she failed to disclose her prior convictions.  The manager stated that

14  defendant was employed as the front office supervisor and had access to all patient records as part

15  of her routine duties.   The manager stated that, when Life Long Medical Center learned of

16  defendant's prior criminal history, defendant was asked to resign, but she refused.  Defendant told

17  the manager that she wanted to be fired so that she could collect unemployment payments.  Life

18  Long Medical Center terminated her employment on January 29, 2009.

19  **VI.**    **GOVERNMENT'S ARGUMENT**

20        Defendant is a recidivist criminal and a predator who continues to create havoc and hardship

21  wherever she goes.  Defendant has thumbed her nose at the conditions of supervised release imposed

22  by this Court for three separate fraud convictions, including that she not be in a position of fiduciary

23  capacity or be employed in a position where she has access to financial and/or personal information.

24  Defendant's extensive fraudulent activities while on supervised release will result in the presentment

25  of a fourth federal indictment to the grand jury.  Defendant has continued her pattern of applying for

26  jobs where she has access to financial and personal information and, in the process, has blatantly lied

27  about her criminal history – which is yet another violation of the terms of her supervised release.

28  Defendant has also lied to the Office of Probation about her place of employment at Life Long

1   Medical Center, and has also failed to comply with other supervised release conditions.  In addition,

2   defendant, while on supervised release, was arrested and convicted of a crime, Driving Under the

3   Influence of Alcohol.   It is clear that none of defendant's prior arrests, convictions, or sentences

4   have had any effect on her complete disregard for the law, the directives of this Court, the

5   consequences of her actions, and the impact on her victims.

6

7                                          **CONCLUSION**

8          For all the reasons stated above, the United States respectfully submits that a reasonable and

9   appropriate sentence for this defendant is five months in prison on each of the three petitions to run

10  consecutively.

11

12                                    Respectfully submitted,

13                                    JOSEPH P. RUSSONIELLO
                                      United States Attorney

14

15   3/2/10                            _____
     Dated                             DEBORAH R. DOUGLAS
16                                     Assistant United States Attorney

17

18

19

20

21

22

23

24

25

26

27

28

                                              9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT A**

Defendant's Criminal History

User: qsjzgb - UNITED STATES POSTAL INSPECTION SERVICE                                    Reason: Sqsjzgb

## PERSONAL CHARACTERISTICS

| | | | |
|---|---|---|---|
| Name: | WORLEY, CHERRYL MONIQUE | PFN: | |
| Salient Chars: | | DOB: | |
| SMT: | | CII No: | |
| Custody Status: | | FBI No: | |
| Jail: | Not in Custody | DLN: | |
| Date Booked: | | SSN: | |
| Probation: | Not Known to Formal Probation | CDC No: | |
| DPO: | | Occupation: | CLERICAL TECH |
| DPO Phone: | | Employer: | NOT LISTED since 2008 |
| Counsel: | | Year in CA: | |
| Birth Place: | CA | Year in County: | |
| Citizen: | Yes | Interpreter: | |

Photo taken:  12/21/2008
Ht:5' 01"    Wt:150    Hair:BK
Eyes:BR    Race:B    Sex:F
Build:    Bald:    Cmpx:BK

## ADDITIONAL IDENTIFYING INFORMATION

| | | |
|---|---|---|
| Name(s): | SSN(s): | |
| Address(es): | Phone(s): | |
| DLN(s): | SMT(s): | |

## SUMMARY STATISTICS

| | | | |
|---|---|---|---|
| Events Held: | 0 | Bench Warrants: | 0 |
| Failure(s) to Appear: | 0 | Revocations: | 0 |
| Felony Events (cnts): | 0 (0) | MISD Events (cnts): | 1 (1) |
| State Prison: | 0 | County Jail: | 1 |
| CPAR: | | | |

## PROBATION DETAIL

| CEN | Plea/Conv Date | Days Srvd | Crt | Docket | Dt Granted | Convicted Charges | Prob Typ | Prob Term | Most Recent Revocation or Restoration | | Term Date | Search Condition |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Date | Result Code | | |
| 8372694 | FOUND GUILTY 05/18/2009 | J | WWM | 547605 | 05/18/2009 | VC 23152(B EX M | COND SENT (CRT PROB) | 36 MONTHS | | | 05/18/2012 (VALIDATED) | NOT CODED |

## MISDEMEANOR CONVICTIONS

| CEN | Court | Docket | Associated Docket | Conviction Date | Convicted Charges and Sentence | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | Charge | Jail/Prison | Fine | Probation |
| 8372694 | WWM | 547605 | | 05/18/2009 | VC 23152(B EX M | 2D W/E JAILDWI SCHOOL | CA $1,760.00 | CS 36M |

| CEN: 8372694 | | | CONVICTION | | |
|---|---|---|---|---|---|
| **Arrest and Booking Information** | | | | | |
| Arrest and Booking Information | | | | | |
| Arrest Date and Time: | | 12/21/2008 / 02.01.00 | Arresting Agency: | | OAKLAND CHP-01997 |
| Arrest Location: | | 580WB/MACARTHUR | Arresting Officer: | | 18347 |
| Booking Date and Time: | | 12/21/2008 / 09.07.00 | Booking Type: | | ONVIEW |
| Booking Agency: | | SHERIFFS OFFICE | Booking Officer: | | M5509 |
| Agency Report #: | | 49524KC | Other Report #: | | |

| COURT: WILEY W. MANUEL COURTHOUSE | | | | DOCKET: 547605 |
|---|---|---|---|---|
| Def Attorney: BRYAN HACKETT | Bail Status: | NTW Date: | | Notation: .17 |
| Pros Attorney: OWENS | Bail Amount: | Time Waiver:TIME WAIVED FOR SENTENCE | | Restitution: |

| Last Court Date/Time | Dept | ROC | Results | |
|---|---|---|---|---|
| 05/18/2009 / 09:00 AM | 104 | PLEA DISP | ADVISED OF ALL RIGHTS FOUND GUILTY SENTENCED WEEKEND JAIL REFERRED TO DUI SCHOOL | PLEA ENTERED TIME WAIVED/SENTENCE COND SENT-G (CRT PROB) FINE PAYABLE THRU C.C. |

| Charge History | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Cnt | Charge | Prior | Entry Date/By | IPL | FPL | Dispo | Dispo Dt | Jail | Fine | Probation |
| 001 | VC 23152(A M | 0 | 12/21/2008 /BKG | NG | | DISM-M/DA-1385 PC | 05/18/2009 | 0 0 | $0.00 | 0 |
| 002 | VC 23152(B EX M | 0 | 01/20/2009 /CMP | NG | NC | CONVICTED-NOLO CONTDRE | 05/18/2009 | WJ 2D 0 | CA $1,760.00 | CS 36M |

| Sentencing Information | | | | |
|---|---|---|---|---|
| Court Date/Time | Dept | ROC | Results | |
| 05/18/2009/09:00 AM | 104 | PLEA DISP | SENTENCED | COND SENT-G (CRT PROB) |

| Custody Activity | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Arrest Date / Time | Booking Date / Time | HFAC | HFAC In Date | In Status | HFAC Out Date | Out Status | Days Served |
| 12/21/2008 / 02:01 AM | 12/21/2008 / 09:07 AM | 00S00 | 12/21/2008 | HELD | 12/21/2008 | CITJ | 1 |
| | | | | | | Total Days Served: | 1 |

-------------------------------------- End of Report --------------------------------------

## U. S. Secret Service NCIC/NLETS Response Display

**ORI:** CASS40800

**Response:**

```
FROM(NLETS)   ON 03/01/10 AT 18:30:11    CASS40800


CR.CAIII0000
16:30 03/01/2010 82854
16:30 03/01/2010 98055 CASS40800
TXT
HDR/2L01-NCIYCASS408000
ATN/SA HENEFELD

THE FOLLOWING RECORD PERTAINS TO FBI/▮▮▮▮▮▮
                             SID/▮▮▮▮▮▮

RESTRICTED - DO NOT USE FOR EMPLOYMENT, LICENSING, PLACEMENT OR
             CERTIFICATION PURPOSES

**************************************************************
DO NOT COLLECT DNA. SAMPLE NOT VERIFIED BY FINGERPRINT
RECEIVED BY THE CAL-DNA DATA BANK. FOR INFO
(510) 620-3300 OR PC296.PC296@DOJ.CA.GOV.
**************************************************************
** PALM PRINTS AVAILABLE AT DOJ FOR PALM PRINTS CONTACT
PALM.PRINT@DOJ.CA.GOV
** III MULTIPLE SOURCE
CII/▮▮▮▮▮▮
DOB/▮▮▮▮▮▮     SEX/F  RAC/BLACK
HGT/501  WGT/131  EYE/BRO  HAI/BLK  POB/CA
NAM/01 FERGUSON,CHERRYL MONIQUE
    02 HALL,CHERRYL
    03 WORLEY,CHERRYL MONIQUE
    04 WORLEY,CHERRYLE MONIQUE
MNU/FBI-▮▮▮▮▮▮
    CDL-▮▮▮▮▮▮   ▮▮▮▮▮▮
    SOC-▮▮▮▮▮▮   ▮▮▮▮▮▮
****
    19960630  CAPDSAN PABLO         DOB:▮▮▮▮▮▮
              96 5672
        01:245(A)(1) PC-FORCE/ADW NOT FIREARM:GBI LIKELY
            DISPO:RELEASED/DETENTION ONLY
****
    19990211  CAPDSAN PABLO         DOB:▮▮▮▮▮▮
              070223404-98-3994
        01:470(A) PC-FORGERY
****
    20081221  CASOOAKLAND           DOB:▮▮▮▮▮▮
              010BHA944-PFN
        01:23152(A) VC-DUI ALCOHOL/DRUGS
    20090518  CAMCOAKLAND
              547605
        01:23152(A) VC-DUI ALCOHOL/DRUGS
            DISPO:DISMISSED/FOJ/MOTION OF PROSECUTOR
        02:23152(B) VC-DUI ALCOHOL/0.08 PERCENT
           *DISPO:CONVICTED-PROB/JAIL
```

```
        CONV STATUS:MISDEMEANOR
        SEN: 036 MONTHS PROBATION , 002 DAYS JAIL ,
             FINE ,   RESTN
 ****
 20090520  CACBSANTA CLARA CO CORR    DOB:████████
           09031480
        01:CRT ORDER BOOK
           460(B) PC-BURGLARY:SECOND DEGREE
        02:CRT ORDER BOOK
           484G(A) PC-THEFT BY FORGED/INVALID ACCESS CARD
*********************************************************
WANTS NOT CHECKED - PLEASE CHECK NCIC WANTS
*********************************************************

END OF RECORD
```

Next >>    Cancel

## U. S. Secret Service NCIC/NLETS Response Display

**ORI:** CASS40800

**Response:**

```
FROM(NLETS)  ON 03/01/10 AT 18:30:12  ████████████


CR.WVFBINF00
16:30 03/01/2010 35446
16:30 03/01/2010 98054 ████████
TXT

HDR/2L01-NCIYCASS408000
ATN/SA HENEFELD
********************** CRIMINAL HISTORY RECORD  *************************
Data As Of          2010-03-01
*********************** Introduction ****************************
This rap sheet was produced in response to the following request:
FBI Number                  ███████████
Request Id
Purpose Code                C
Attention                   SA HENEFELD
The information in this rap sheet is subject to the following caveats:
This record is based only on the FBI number in your request-123633EB4.
Because additions or deletions may be made at any time, a new copy
should be requested when needed for subsequent use. (US; 2010-03-01)
All arrest entries contained in this FBI record are based on
fingerprint comparisons and pertain to the same individual. (US;
2010-03-01)
The use of this record is regulated by law. It is provided for official
use only and may be used only for the purpose requested. (US;
2010-03-01)
********************** IDENTIFICATION ************************
Subject Name(s)
FERGUSON, CHERRYL MONIQUE
HALL, CHERRYL  (AKA)
FERGUSON, CHERRYL M  (AKA)
FERGUSON, CHERRYL  (AKA)
WORLEY, CHERRYL MONIQUE  (AKA)
WORLEY, CHERRYLE MONIQUE  (AKA)
Subject Description
FBI Number                  State Id Number
███████████                 ████████████ (CA)
Social Security Number
███████████

Sex                         Race
Female                      Black
Height                      Weight                 Date of Birth
5'01"                       137                    ████████████
Hair Color                  Eye Color              Fingerprint Pattern
Black                       Brown                  ████████████████

Scars, Marks, and Tattoos
Code                        Description, Comments, and Images
TAT L THGH                  , TATTOO ON LEFT THIGH
```

```
Place of Birth          Citizenship
CA                      US
Fingerprint Images
Photo Images
Photo Image Available       FCI DUBLIN ███████████
Available Image             Other
(No Photo Image Transmitted
Comment:Arresting agency has photo associated
                        with arrest date of 2004/10/08)
Photo Image Available       USM SAN FRANCISCO CAUSM0400
Available Image             Other
(No Photo Image Transmitted
Comment:Arresting agency has photo associated
                        with arrest date of 2002/09/23)
************************** CRIMINAL HISTORY **************************
========================= Cycle 001 =================================
Earliest Event Date     2002-09-23
---------------------------------------------------------------------
Arrest Date             2002-09-23
Arrest Case Number
Arresting Agency        CAUSM0400 USM SAN FRANCISCO
Subject's Name          FERGUSON,CHERRYL M
Charge                  01
        Charge Literal  MAIL FRAUD
               Agency   CAUSM0400 USM SAN FRANCISCO
             Severity   Unknown
========================= Cycle 002 =================================
Earliest Event Date     2004-10-08
---------------------------------------------------------------------
Arrest Date             2004-10-08
Arrest Case Number      9722504
Arresting Agency        CA001027C FCI DUBLIN
Subject's Name          FERGUSON,CHERRYL
Charge                  01
        Charge Literal  18 USC 1341 MAIL FRAUD
               Agency   CA001027C FCI DUBLIN
             Severity   Unknown
Charge                  02
        Charge Literal  18 USC 1029 FRAUD & RELATED ACTIVITY
               Agency   CA001027C FCI DUBLIN
             Severity   Unknown
Charge                  03
        Charge Literal  18 USC 1029 FRAUD & RELATED ACTIVITY
               Agency   CA001027C FCI DUBLIN
             Severity   Unknown
---------------------------------------------------------------------
Court Disposition       (Cycle 002)
Court Disposition Date            2004-12-13(Date reflects date of last up

                        IAFIS)
Court Agency            Unknown
Charge                  01
        Charge Literal  18 USC 1341 MAIL FRAUD
             Severity   Unknown
           Disposition  (Unknown 2004-12-13(Date reflects date of last
                        update in IAFIS); 18 MONTHS)
Charge                  02
        Charge Literal  18 USC 1029 FRAUD & RELATED ACTIVITY
             Severity   Unknown
```

```
              Disposition   (Unknown 2004-12-13(Date reflects date of last
                             update in IAFIS); 8 MONTHS)
Charge                       03
         Charge Literal     18 USC 1029 FRAUD & RELATED ACTIVITY
              Severity       Unknown
              Disposition   (Unknown 2004-12-13(Date reflects date of last
                             update in IAFIS); 30 MONTHS)
--------------------------------------------------------------------------
Corrections               (Cycle 002)
Corrections Agency         US PROBATION OAKLAND
     Date in Custody      2006-01-31
     Correction Action    STATUS--SUPERVISED RELEASE
**************************  INDEX OF AGENCIES  **************************
Agency                     FBI-CJIS DIV-CLRKSBG CLARKSBURG; WVFBINF00;
Address

                           1000 CUSTER HOLLOW RD
                           CLARKSBURG, WV 26306
--------------------------------------------------------------------------
Agency                     USM SAN FRANCISCO; ██████████
Address

                           450 GOLDEN GATE AVE PO BOX 36056
                           SAN FRANCISCO, CA 941023486
--------------------------------------------------------------------------
Agency                     FCI DUBLIN; CA001027C;
Address

                           CAMP PARKS 5701 8TH ST
                           DUBLIN, CA 94568
--------------------------------------------------------------------------
Agency                     US PROBATION OAKLAND; ██████████
Address

                           STE 220 S 1301 CLAY ST
                           OAKLAND, CA 946125206
* * * END OF RECORD * * *
```

<< Previous  |  Next >>  |  Cancel

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT B**

Dr. Tara Starr's Letter dated June 23, 2004 to
the Honorable D. Lowell Jensen, United States District Judge

To: United Sates District Judge, Honorable Judge D. Lowell Jensen
1301 Clay Street
Oakland, CA 94612

From Plaintiff, Tara Starr, M.D.
██████████████████

Phone ████████████
Fax: ████████████

June, 23, 2004
RE: U.S. v. Cherryl Ferguson
CR04-40051DI-J

Your honor:

This letter is written to you in utmost anguish as a result of actions of repeatedly convicted felon, Cherryl Ferguson.

I am an ophthalmologist who after several years of working for an HMO, decided to start a solo practice in the Pinole area in January 2003. Both my spouse and myself heavily rely on my income from this practice to support our family. As you may imagine, during the first several years the income is expected to be barely enough to sustain the overhead. With current status of state and federal reimbursements, particularly in a disadvantaged area such as west Contra Costa, the burden is far heavier. Without exaggeration, Cherryl Ferguson's entry into my office was and still is a catastrophic setback to my success in my first year of independent practice.

I very naively hired the defendant in September 2003. Her resume was mostly falsified as later on, only one of the entries could be confirmed. She denied any prior history of felonies or misdemeanors. As it turns out, only a month earlier, she was charged by federal authorities for interstate fraud and identity theft, but unfortunately released on bail. I later discovered, through county records, that the defendant had multiple records of welfare fraud in 1996, totaling to over $29000.00 and in 1999 again, in Contra Costa County alone. She had served months of prison terms for these felonies. From the day she began to work at my ophthalmology office, she began her relentless chain of thievery and deceit with grave consequence to my newly establishing practice and me. In less than two months of being employed, we now have the knowledge that we incurred over $28000.00 of losses through direct cash and credit card machine theft, theft of vital office billing and bookkeeping software and maintained records, theft of patients payments, the receipt books, Medicare explanation of benefits to our office and loss of dozens of

designer eyeglasses. This is not a definitive list. Every week or so we encounter a situation where we look for a patient's payment record belonging to the time the defendant was present at our office and we realize it is missing. It is noteworthy that we have not have any theft before the arrival or after the departure of the defendant from my practice.

Cherryl Ferguson has inflicted damage to my family, my practice and me as follows:

The defendant used our credit card machine and swiped her husband's debit card on multiple occasions (starting on the day we acquired our credit card machine) to credit over $1770.00 to her/his account. This money is not refundable to us by the company due to the nature of the theft. All bank records exist and police investigation resulted in a confession. She was convicted in Small Claims Court in Richmond for this theft and additional amount for theft of a payment, totaling over $2000.00 in February. We have not received any payment to this date from the defendant. It is noteworthy that the defendant after realizing that her crime was discovered in October 2003, on several occasions contacted me by phone and apologized and expressed that she will repay me for the losses "within two weeks"! Shortly thereafter, she continued her chain of thievery by continuing to apply for credit under my name.

1) Without authorization, in another attempt to steal, and after just few days of being hired, she called our payroll agency- Paychex- and falsified her identity and told the accounts manager that she was Dr. Starr and gave herself a raise of $2 per hour, hoping that I will not notice that at the time of signing the check. The defendant then opened my personal mail including the confidential payroll envelope. She then retrieved her payroll check and obtained information on the identity of the other employees at the office. She attempted to hide the explanation portion of her check from me and deceitfully make me sign the check, but I noticed the wrong pay rate. When caught, she expressed that she did not know what had happened and blamed an already terminated employee for this. Cherryl Ferguson was never authorized to open my mail. In fact no one at my office, even the office manager, has the authority to open my mail. The defendant used the trust that I, my spouse, the patients and other staff members placed on her to carry out her criminal acts one after another.

2) After the defendant left our office, all of our software critical to our practice and to my spouse's business were found missing. They included: Microsoft office XP, QuickBooks Pro, Adobe Photoshop and Adobe Printshop. These amount to over $2100.00.

3) At least 18 designer sunglasses and frames during the one and a half month employment time at our office were found to be missing, a wholesale value of over $1780.

4) The defendant embezzled patient payments in form of cash. This amounted to thousands missing in cash and expected checks for eyeglasses and office visits.

Several patients reported that the defendant insisted that they paid cash to her for their office visits. She also asked for cash in excess of the office visit amount from an elderly, gravely debilitated (blind and paralyzed) female patient with multiple sclerosis in the amount of $250.00. The defendant refused to give the patient a receipt and did not deposit that payment to our daily box. Patient reported this incidence in writing to me on a subsequent visit. We incurred severe losses during the time the defendant worked at our practice because of multiple occasions she attempted to deceive patients for the services already provided by myself or by our optical department. The reputation of my practice, certainly suffered greatly as a result of her aggressiveness in soliciting money while no one present and her insistence to patients to pay cash or overcharging them, without posting the deposits to our account.

5) She repeatedly opened personal and vital mail addressed to me and I believe, managed to steal my medical license card from my wallet, hence enabling her to potentially prescribe medication under my name. She charged patients in my absence for their co-pays, took the payments and often claimed that she forgot to obtain it from them as they did not appear in our records as paid. She equipped herself with all the tools required to perform mass-scale identity crimes having access to my Drug Enforcement Agency license number, Medical license number, social security number, address, date of birth and insurance carrier as well as billing information. This confidential information is kept in a secured file at the office and the defendant managed to access the file by coming to the office often much earlier that other employees to have sufficient privacy to execute her plans.

6) While present at my office, she stole my mail that included pre-approved applications for credit cards. On one occasion, as she was passing an envelope to the mailman, trying to hide it from my view. I noticed that it appeared to be a credit card return mail, which concerned me. It had my address as the return address, but she quickly shuffled it through the mail to be handed to the mailman and stated it was "personal". I found the incident very strange, but in the midst of a busy clinic did not dwell on it. In October 2003, concurrent with the above events, an individual (I believe to be Cherryl Ferguson) managed to obtain a Capitol One credit card under my name, and used a P.O. box number in San Francisco to have the card mailed to her. She charged purchases of over $800.00 to my name and did not pay the company. Months later, in February 2004, I was contacted by the credit card company about the late bill and immediately knew it was the defendant at work. To this date, I had never been a subject of identity theft. For months this incident affected my credit and I could not obtain certain credit for new vendor accounts until it recently was cleared by Capital One after the completion of their investigation. We also found that around November 2003, AFTER the defendant left my practice some one applied for a Wall-mart card in my name, which was rejected, as the address provided by her did not match that of the credit holder's.

7) After committing all of the above crimes against me, my patients and my practice,
   The defendant had the nerve to contact California State Labor Commissioner and
   ask for $600.00 wages withheld from her last paycheck plus an additional
   $2550.00 penalty for late pay!  I had to spend days consulting with my attorney,
   writing letters and preparing documents, practically recruiting my medical office
   staff for days and incredibly, straining me and my family for months to swat her
   repeatedly harassing acts.  I also maintain that during the time the defendant was
   formally employed at my office, she was so busy committing one theft after
   another that she had hardly any time to perform the tasks assigned to her and be
   deserving of the salary she received.

8) More recently, in May 2004, I received a letter from social security office that the
   defendant or an associate of her had applied for unemployment benefits with
   social security office.  This benefit was to be charged against my account.  Again
   my staff had to spend hours on the telephone unsuccessfully trying to reach the
   individual from whom the letter was sent.  She applied under the name Cherryl M.
   Worley and maintained that she was employed at my office for many months as a
   full-time employee, which was false.  Furthermore, when I discussed my findings
   that Cherryl Ferguson had stolen money using our credit card machine in October
   2002, I reached her on her cell-phone and asked her a question regarding her full
   name and her maiden name.  Upon realizing that we knew the nature of her crime
   by then, she promptly stated that no longer wished to be an employee at our office
   and quit her position.  I believe this is part of the police report submitted for this
   case where she stated that she quit her position due to "irreconcilable
   differences".

Cherryl Ferguson is a habitual felon, a relentless thief with multiple police and FBI
records.  She was arrested and served prison terms in Contra Costa County for felony
charges of over $29,000.00 dollars in 1996 involving welfare fraud and again in 1999.
She has felony records in other counties including San Francisco and Alameda.  She
again committed extensive identity theft and fraud while employed at Dr. Edington's
office (Alameda county), an orthopedic surgeon in Emeryville in 2003.  In a personal
conversation, Dr. Edington told me that in July-August 2003, the postal authorities
took her into custody when they found many stolen items in her vehicle including
luxury designer clothes and bags acquired using false credit cards belonging to her
victims.

Your honor, I write this letter respectfully, continuing to be a victim of the
defendant's harassment by means of constant contact via state and local agencies and
credit card companies that she uses to adversely impact my personal and professional
life.  Upon her exit from my office, she threatened and warned me to not "mess" with
her.  I have had no relief from her since she entered and exited my practice nearly ten
months ago.  She has demonstrated no remorse through her repeated criminal actions
and finds theft and harassment quite amusing.  She once stated to an employee that
she enjoys being "bad".

I am certain that I am just seeing the tip of the iceberg. This is a massively deceitful individual. She will continue to commit robbery and felony crimes of greater magnitude until she is permanently incarcerated. She laughs at everyone's naiveté, uses the money she steels from hard-working, earnest individuals. She continues to harass me and my family through the means described above. She has already inflicted irreparable harm on my practice as many of my patients who encountered her aggressive, deceitful demeanor during the time she was employed decided to transfer their care to other providers long before I know of the problem.

I am very grateful for your attention to this matter and hope that you see the extent of damage this habitual felon has inflicted on my family, my newly established practice and me. I hope that you agree with me that Cherryl Ferguson (or Cherryl M. Worley) has repeatedly committed crimes against victims who crossed her path, even the elderly and debilitated. She has demonstrated no true remorse as she each time has re-engaged herself in similar or more severe crimes immediately after her release from incarceration or while during parole. She was hostile and remorseless at the time I was describing my findings to her. Indeed, she was truly angry with us that we discovered her thefts. She continues to seek to have her habits funded by victims directly and tax payers indirectly. If she can continues to harass me and my family from prison, she could and easily would continue to apply for credit and other documents under my identity if released. I have fears for the safety of my child and my staff since she left my office and I do not believe that I have seen the last of the defendant. I do respectfully request that you consider the utmost term of incarceration with psychiatric intervention for this individual. A few months spent in prison have proven of no benefit in rehabilitating the defendant in the past.

Most respectfully

Tara Starr, M.D.

1
2
3
4
5
6
7
8
**ATTACHMENT C**

9
Judgment: *U.S. v. Cherryl Ferguson*, CR 02-40170 DLJ

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AO 245B (Rev. 12/03 - Judgment in a Criminal Case



**FILED**

# United States District Court
## Northern District of California



AUG 3 1 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>v.<br>**CHERRYL FERGUSON** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:   CR-02-40170-DLJ<br><br>   Related case<br><br>USM Number: 97225-011<br>Shawn Halbert<br>Defendant's Attorney |

## THE DEFENDANT:

[x]   pleaded guilty to count(s): <u>1 of the Indictment</u> .
[ ]   pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

**ACCORDINGLY,** the defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 1341 | Mail Fraud | 12/8/01 | 1 |

The defendant is sentenced as provided in pages 2 through <u>7</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on count(s) ___ .

[x]   Count(s) <u>2,3,4,5,6,7,8, 9,10, 11,12,13,14,15 of the Indictment</u>   (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

August 27, 2004
Date of Imposition of Judgment

Signature of Judicial Officer

Honorable D. Lowell Jensen, U. S. District Judge
Name & Title of Judicial Officer

August 31, 2004
Date

**Entered on Criminal Docket** <u>9/1/04</u>

Document No.
District Court
Criminal Case Processing

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 2 - Imprisonment

| | |
|---|---|
| DEFENDANT:     CHERRYL FERGUSON | Judgment - Page 2 of 7 |
| CASE NUMBER:  CR-02-40170-DLJ | |

# IMPRISONMENT

Count 1:
The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 18 months .

This sentence is to run concurrent to the term of sentence in CR-03-40165-DLJ.

[x]   The Court makes the following recommendations to the Bureau of Prisons:
that the defendant be housed at the Women's Facility in Dublin, CA; as close to this area as possible.

[x]   The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.

[ ] at ___ [] am [] pm on ___.
[ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

[ ] before  2:00 pm on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By  _____
Deputy U.S.  Marshal

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | |
|---|---|
| DEFENDANT: **CHERRYL FERGUSON** | Judgment - Page 3 of 7 |
| CASE NUMBER: **CR-02-40170-DLJ** | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[ ]  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check if applicable.)

[]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[]  The defendant shall register with the state sex offender registration agency in the State where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[]  The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1)  The defendant shall not leave the judicial district without permission of the Court or probation officer;
2)  The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  The defendant shall support his or her dependants and meet other family responsibilities;
5)  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

DEFENDANT:          CHERRYL FERGUSON                                    Judgment - Page 4 of 7
CASE NUMBER:        CR-02-40170-DLJ

## SPECIAL CONDITIONS SUPERVISION

1) The defendant shall participate in a mental health treatment program, as directed by the probation officer. The defendant is to pay part or all costs of this treatment, at an amount not to exceed sixty dollars ($60.00) per session, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

2) The defendant shall not possess any false identification and shall provide his or her true identity at all times. The defendant is not to use any false identification and shall only use her true identity, Cherryl Ferguson at all times. If any other false identification is used, that is a violation of supervised release.

3) The defendant shall submit his/her person, residence, office, vehicle, or any property under his/her control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

4) The defendant is to provide financial information as requested by the Probation Officer.

5) The defendant is to pay restitution in the amount of $31,660.00 as listed in the Probation Report. Upon release from prison, any unpaid amount of restitution is to be paid at such times and in such amounts as directed by the probation officer, as a condition of supervised release.

6)The defendant is not to open any new lines of credit and/or incur new debt without the prior approval of the probation officer.

7) The defendant is not to be in a position of fiduciary capacity without the prior approval of the probation officer. The defendant is not to be employed in a position where she has access to financial and/or personal information without the prior approval of the probation officer

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT: CHERRYL FERGUSON            Judgment - Page 5 of 7
CASE NUMBER: CR-02-40170-DLJ

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100 | $ | $ 31,660.00 |

[ ] The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[x] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

.    If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage of Payment |
|---|---|---|---|
| As listed in the Probation Report |  |  |  |
| Totals: | $ _ | $ 31,660.00 |  |

[ ] Restitution amount ordered pursuant to plea agreement $ _

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

     [ ] the interest requirement is waived for the    [ ] fine and/or    [ ] restitution.

     [ ] the interest requirement for the    [ ] fine and/or    [ ] restitution is modified as follows:

IT IS ORDERED that any bond in the above entitled case is hereby exonerated.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT: CHERRYL FERGUSON
CASE NUMBER: CR-02-40170-DLJ

Judgment - Page 6 of 7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [ ]  Lump sum payment of $ due immediately, balance due

    [ ]  not later than _____, or

    [ ]  in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

B  [ ]  Payment to begin immediately (may be combined with ( ) C,  ( ) D, or ( ) F below); or

C  [ ]  Payment in equal     (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or year(s), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal     (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or year(s)), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will comence within (e,g, 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [ ]  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    [ ]  Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
|  |  |  |  |  |


    [ ]  The defendant shall pay the cost of prosecution.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:       CHERRYL FERGUSON                                    Judgment - Page 7 of 7
CASE NUMBER:     CR-02-40170-DLJ

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

1
2
3
4
5
6
7
8
9

**ATTACHMENT D**

10

Judgment: *U.S. v. Cherryl Ferguson*, CR 03-40165 DLJ

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AO 245B (Rev. 12/03 - Judgment in a Criminal Case)

# United States District Court
## Northern District of California

**FILED**

AUG 3 1 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES OF AMERICA

v.

CHERRYL FERGUSON

**JUDGMENT IN A CRIMINAL CASE**

Case Number:  CR-03-40165-01-DLJ

Related case

USM Number: 97225-011

Shawn Halbert
Defendant's Attorney

**THE DEFENDANT:**

[x]  pleaded guilty to count(s): 1 of the Indictment .
[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

**ACCORDINGLY,** the defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 1029(a)(5) | Fraud and Related Activity in Connection with Access Devices | 6/29/03 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) ___ .

[x]  Count(s) 2 and 4 of the Indictment (is)(are) dismissed on the motion of the United States,

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

August 27, 2004
Date of Imposition of Judgment

Signature of Judicial Officer

Honorable D. Lowell Jensen, U. S. District Judge
Name & Title of Judicial Officer

AUGUST 31, 2004
Date

Entered on Criminal Docket ___9/1/04

Document No.

District Court
Criminal Case Processing

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 2 - Imprisonment

| DEFENDANT: | CHERRYL FERGUSON | Judgment - Page 2 of 7 |
|---|---|---|
| CASE NUMBER: | CR-03-40165-01-DLJ | |

## IMPRISONMENT

Count 1:

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 30 months .

[x]    The Court makes the following recommendations to the Bureau of Prisons:
        that the defendant be housed in Women's Facility at Dublin, CA; as close to this area as possible.

[x]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.

        [ ] at ___ [] am [] pm on ___.
        [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

        [ ] before 2:00 pm on ___.
        [ ] as notified by the United States Marshal.
        [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

                                  _____

                                  UNITED STATES MARSHAL

                  By  _____

                                    Deputy U.S. Marshal

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | CHERRYL FERGUSON | Judgment - Page 3 of 7 |
| CASE NUMBER: | CR-03-40165-01-DLJ | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years .
The conditions of supervised release are the same as in CR-02-40170-DLJ, with the exception of the restitution amount; to run concurrent to the term and conditions in CR-02-40170-DLJ.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[ ]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check if applicable.)

[]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[]     The defendant shall register with the state sex offender registration agency in the State where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[]     The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1)   The defendant shall not leave the judicial district without permission of the Court or probation officer;
2)   The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)   The defendant shall support his or her dependants and meet other family responsibilities;
5)   The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | |
|---|---|
| DEFENDANT:      CHERRYL FERGUSON | Judgment - Page 4 of 7 |
| CASE NUMBER:    CR-03-40165-01-DLJ | |

## SPECIAL CONDITIONS SUPERVISION

1) The defendant shall participate in a mental health treatment program, as directed by the probation officer. The defendant is to pay part or all costs of this treatment, at an amount not to exceed sixty dollars ($60.00) per session, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

2) The defendant shall not possess any false identification and shall provide his or her true identity at all times. The defendant is not to use any false identification and shall only use her true identity, Cherryl Ferguson at all times. If any other false identification is used, that is a violation of supervised release.

3) The defendant shall submit his/her person, residence, office, vehicle, or any property under his/her control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

4) The defendant is to provide financial information as requested by the Probation Officer.

5)) The defendant is to pay restitution in the amount of $37,917.00, joint and several with co-defendants. Any unpaid amount of restitution upon release from prison is to be paid at such times and in such amounts as directed by the probation officer, as a condition of supervised release.

6)The defendant is not to open any new lines of credit and/or incur new debt without the prior approval of the probation officer.

7) The defendant is not to be in a position of fiduciary capacity without the prior approval of the probation officer. The defendant is not to be employed in a position where she has access to financial and/or personal information without the prior approval of the probation officer

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:    CHERRYL FERGUSON                                    Judgment - Page 5 of 7
CASE NUMBER:    CR-03-40165-01-DLJ

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100 | $ | $ 37,917.00 |

[ ]    The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[x]    The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage of Payment |
|---|---|---|---|
| As listed in probation report | | | |
| Totals: | $ _ | $ 37,917.00 | |

[ ]    Restitution amount ordered pursuant to plea agreement $ _

[ ]    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]    The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

[ ] the interest requirement is waived for the    [ ] fine and/or    [ ] restitution.

[ ] the interest requirement for the    [ ] fine and/or    [ ] restitution is modified as follows:

IT IS ORDERED that any bond in the above entitled case is hereby exonerated.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:     CHERRYL FERGUSON                    Judgment - Page 6 of 7
CASE NUMBER:    CR-03-40165-01-DLJ

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [ ]  Lump sum payment of $ due immediately, balance due

     [ ]  not later than ____, or

     [ ]  in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

B  [ ]  Payment to begin immediately (may be combined with ( ) C,  ( ) D, or ( ) F below); or

C  [ ]  Payment in equal   (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or year(s), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal   (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or year(s)), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will comence within (e,g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [ ]  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[x] Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
| Davina Countee and Sabrina Hall | CR-03-40165-DLJ | | 37,917.00 | |

[ ]  The defendant shall pay the cost of prosecution.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:         CHERRYL FERGUSON                              Judgment - Page 7 of 7
CASE NUMBER:       CR-03-40165-01-DLJ

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT E**

Judgment: *U.S. v. Cherryl Ferguson*, CR 04-40051 DLJ

AO 245B (Rev. 12/03 - Judgment in a Criminal Case



# United States District Court
## Northern District of California



FILED

AUG 3 1 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|

v.

**CHERRYL FERGUSON**

Case Number:  **CR-04-40051-DLJ**

Related case

USM Number: 97225-011

**Shawn Halbert**
Defendant's Attorney

## THE DEFENDANT:

[x]  pleaded guilty to count(s): <u>1 of the Indictment</u> .

[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.

[ ]  was found guilty on count(s) ___ after a plea of not guilty.

ACCORDINGLY, the defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 1029(a)(5) | Fraud and Related Activity in Connection with Access Devices | 10/1/03 | 1 |

The defendant is sentenced as provided in pages 2 through <u>7</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) ___.

[ ]  Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

August 27, 2004
Date of Imposition of Judgment

Signature of Judicial Officer

Honorable D. Lowell Jensen, U. S. District Judge
Name & Title of Judicial Officer

AUGUST 31, 2004
Date

**Entered on Criminal Docket** 9/1/04

Document No.

District Court
Criminal Case Processing

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 2 - Imprisonment

| | | |
|---|---|---|
| DEFENDANT: | CHERRYL FERGUSON | Judgment - Page 2 of 7 |
| CASE NUMBER: | CR-04-40051-DLJ | |

# IMPRISONMENT

Count 1:

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>8 months</u>.

This sentence is to run consecutive to the sentence in Count 1 of CR-02-40170-DLJ and Count 1 of CR-03-40165-DLJ.

[x]    The Court makes the following recommendations to the Bureau of Prisons:
that the defendant be housed in the Women's Facility at Dublin, CA; as close to this area as possible.

[x]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.

    [ ] at ___ [] am [] pm on ___.
    [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [ ] before 2:00 pm on ___.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


                              _____

                              UNITED STATES MARSHAL


                     By   _____

                                Deputy U.S. Marshal

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | CHERRYL FERGUSON | Judgment - Page 3 of 7 |
| CASE NUMBER: | CR-04-40051-DLJ | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years .

The same term and conditions of supervised release imposed as in CR-02-40170, to run concurrent to the term and conditions in CR-02-40170-DLJ and CR-03-40165-DLJ; with the exception of the restitution amounts.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[ ] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check if applicable.)

[] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[] The defendant shall register with the state sex offender registration agency in the State where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[] The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1) The defendant shall not leave the judicial district without permission of the Court or probation officer;
2) The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

DEFENDANT:     CHERRYL FERGUSON                          Judgment - Page 4 of 7
CASE NUMBER:   CR-04-40051-DLJ

## SPECIAL CONDITIONS SUPERVISION

1) The defendant shall participate in a mental health treatment program, as directed by the probation officer. The defendant is to pay part or all costs of this treatment, at an amount not to exceed sixty dollars ($60.00) per session, as deemed appropriate by the probation officer. Payments shall never  exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

2) The defendant shall not possess any false identification and shall provide his or her true identity at all times. The defendant is not to use any false identification and shall provide his or her true identity, Cherry1 Ferguson, at all times.  If any false identification is used, that is a violation of supervised release.

3) The defendant shall submit his/her person, residence, office, vehicle, or any property under his/her control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

4)The defendant is to provide financial information as requested by the Probation Officer.

5) The defendant is to pay restitution in the amount of $1770.  Any unpaid amount upon release from prison is to be paid at such times and in such amounts as directed by the probation officer, as a condition of supervised release.

6)The defendant is not to opean any new lines of credit and/or incur new debt without the prior approval of the Probation Officer.

7)The defendant is not to be in a position of fiduciary capacity without the prior approval of the Probation Officer. The defendant is not to be employed in a position where she has access to financial and/or personal information without the prior approval of the probation officer.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| | |
|---|---|
| DEFENDANT:   CHERRYL FERGUSON | Judgment - Page 5 of 7 |
| CASE NUMBER:   CR-04-40051-DLJ | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100 | $ | $ 1770 |

[ ]   The determination of restitution is deferred until _.  An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[x]   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage of Payment |
|---|---|---|---|
| As listed in the probation report | | | |
| Totals: | $ _ | $ 1770 | |

[ ]   Restitution amount ordered pursuant to plea agreement $ _

[ ]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

　　[ ]   the interest requirement is waived for the     [ ] fine and/or   [ ] restitution.

　　[ ]   the interest requirement for the     [ ] fine and/or     [ ] restitution is modified as follows:

IT IS ORDERED that any bond in the above entitled case is hereby exonerated.

---

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:    CHERRYL FERGUSON                Judgment - Page 6 of 7
CASE NUMBER:    CR-04-40051-DLJ

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [ ]  Lump sum payment of $ due immediately, balance due

    [ ]  not later than ____, or

    [ ]  in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

B  [ ]  Payment to begin immediately (may be combined with ( ) C,  ( ) D, or ( ) F below); or

C  [ ]  Payment in equal    (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or year(s), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal    (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or year(s)), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will comence within (e,g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [ ]  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]  Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
| | | | | |

[ ]  The defendant shall pay the cost of prosecution.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| DEFENDANT: | CHERRYL FERGUSON | Judgment - Page 7 of 7 |
|---|---|---|
| CASE NUMBER: | CR-04-40051-DLJ | |

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT F**

Declaration by AUSA Deborah R. Douglas

DECLARATION

I, DEBORAH R. DOUGLAS, declare as follows:

1.     I have been an Assistant United States Attorney in the Northern District of California since December 2002. I was the prosecutor in *United States v. Cherryl Ferguson* under docket nos. CR 02-40170 DLJ, CR 03-40165 DLJ, and CR 04-40051 DLJ, and represent the United States in the supervised release violation petitions under those docket numbers. I am also the prosecutor in the pending investigation against the defendant for additional violations of federal criminal law. The facts set forth in this declaration are based upon information conveyed to me by law enforcement agents and my review of various reports and other documents.

2.     While defendant Cherryl Ferguson was on supervised release under the above docket numbers, the Bay Area Identity Theft ("BAIT") Task Force located in Oakland, California, conducted an investigation of numerous acts of fraud by the defendant. The BAIT Task Force consists of representatives from the U.S. Postal Inspection Service, U.S. Secret Service, Oakland Police Department, and San Leandro Police Department. The BAIT Task Force has discovered overwhelming evidence that defendant, while on federal supervised release, has continued to engage in a pattern of criminal activities involving identity theft and the use of her victims' personal and financial information to open credit card accounts and to make purchases. The BAIT Task Force's investigation includes, but is not limited to, interviews with victims, witnesses, and defendant's former employers; documentary evidence; and investigations by Department Stores. There are numerous victims and substantial loss involved in defendant's various fraudulent schemes while on supervised release, which commenced on or about January 31, 2006.

3.     Defendant's modus operandi appears to be targeting victims, primarily with the first name "Cherryl," "Cheryl," "Sheryl," "Sherry," "Sherrell," or variations thereof. For example, there are at least sixteen fraudulent accounts (eight from Macy's and eight from Bloomindale's) with a common thread that the first name of all of the victims is "Cheryl," "Cherryl," or "Sheryl" and that the driver's license number used on all sixteen accounts is B9503121. The evidence that defendant opened those fraudulent accounts includes, but is not limited to, the assignment of driver's license no. B9503121 to defendant Cherryl Ferguson by the California Department of Motor Vehicles. The

i

Macy's investigator disclosed that the same Cherryl Ferguson was an employee of Macy's for two months in 1999, and was fired for fraud.

4.      Defendant's modus operandi also appears to be seeking employment at physician's offices where she has the opportunity to steal the identity information of the physicians, patients or others to open fraudulent credit card accounts.  Listed below are a few examples:

a.      Defendant, using the name Cherryl Worley, was fired from the Allergy and Asthma Medical Group, Walnut Creek, on November 29, 2006, after the identity information of a patient was stolen from the Medical Group and used to make fraudulent transactions in Sacramento. Other identity theft victims were identified as patients at the Allergy and Asthma Medical Group. Defendant admitted to a Walnut Creek police officer that she had lied to her employer in the application process because she needed a job.

b.      Another identity theft victim was a patient in the office of a  surgeon in San Leandro, where defendant, using the name Cherryl Worley, was employed from March 19, 2007 to August 27, 2007 when she was fired for mail theft.  Defendant had been in charge of opening all incoming mail.  The surgeon told BAIT Task Force members that defendant stole three incoming checks made out to the surgeon from Medicare, Blue Cross, and the State of California.  Defendant attempted to deposit or cash the checks at her credit union.  In August 2008, the credit union called the surgeon asking if defendant had permission to pass the checks.  The surgeon told the credit union that defendant did not have her permission.  On November 28, 2008, the surgeon was contacted by a Staples Department Store manager regarding an outstanding unpaid balance of $2,187.65 on her Staples credit card.  The surgeon stated that she did not open this account.  The Staples Department Store manager told the surgeon that the account number was opened by a person using the first name "Cherryl" with an address in Oakland that BAIT Task Force members knew was defendant's residence.

c.      On August 10, 2007, defendant used a credit card fraudulently opened in the name of a patient of defendant's former employer, the surgeon in San Leandro, to pay $4,000 of the $9,000 cost for cosmetic surgery performed on defendant by a plastic surgeon whose office was also located in San Leandro.  While defendant was undergoing a follow-up medical procedure in the same

ii

1  plastic surgeon's office on February 1, 2008, defendant asked a registered nurse to retrieve

2  defendant's cell phone from her purse. As the nurse retrieved defendant's cell phone, the nurse

3  noticed three different California driver's licenses in defendant's purse. Two of the driver's licenses

4  had defendant's photograph on them, but with different printed names, and the third driver's license

5  had information and photograph of someone other than defendant.

6            d.      From May 2008 to January 29, 2009, defendant was employed at the Life

7  Long Medical Center, which is referenced in the three supervised release violation petitions. The

8  manager of the Life Long Medical Center informed BAIT Task Force members that defendant had

9  lied on her application for employment, and she failed to disclose her prior convictions. The

10  manager stated that defendant was employed as the front office supervisor and had access to all

11  patient records as part of her routine duties. The manager stated that, when Life Long Medical

12  Center learned of defendant's prior criminal history, defendant was asked to resign, but she refused.

13  Defendant told the manager that she wanted to be fired so that she could collect unemployment

14  payments. Life Long Medical Center terminated her employment on January 29, 2009.

15        5.      I declare under penalty of perjury that the foregoing is true and correct to the best of

16  my knowledge and belief.

18  ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲
   Date

                                   DEBORAH R. DOUGLAS

19                                     Assistant United States Attorney