

**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*Ronald V. Dellums Federal Building*     *(510) 637-3680*
*1301 Clay Street, Suite 340S*
*Oakland, California 94612*     *FAX:(510) 637-3724*

March 12, 2010

Honorable D. Lowell Jensen
United States District Judge
1301 Clay Street
Oakland, CA 94612

Re:     <u>United States v. Cherryl Worley (aka Ferguson)</u>
          CR 02-40170 DLJ
          CR 03-40165 DLJ
          CR 04-40051 DLJ

Dear Judge Jensen:

On January 29, 2010, defendant admitted to all of the charges in the above-captioned three supervised release amended petitions under docket numbers CR 02-40170 DLJ (six charges), CR 03-40165 DLJ (six charges), and CR 04-40051 DLJ (five charges), all filed on January 28, 2009. The undersigned Assistant United States Attorney noticed a couple of errors on the respective judgments, published on March 11, 2010.

1.     On March 5, 2010, this Court sentenced defendant to five months in prison under all three dockets. Under CR 03-40165, this Court determined that four of the five months would run consecutive to CR 02-40170 DLJ and one month would run concurrently, rendering a maximum prison term of nine months. The judgment under CR 03-40165, published on March 11, 2010, inadvertently indicates that the entire five months shall run consecutively, rendering a maximum prison term of ten months (rather than nine months).

2.     There are six charges in each of the amended petitions under CR 02-40170 DLJ and CR 03-40165 DLJ. The judgments, published on March 11, 2010, indicate only five charges under those dockets. If omission from those judgments of the restitution charges (charge three under both dockets) was deliberate, rather than inadvertent, the government has no objection. However, the violation numbers set forth on pages 1 & 2 of the judgments do not correspond with the violation numbers set forth on the amended petitions.

Attached is a copy of the amended petitions and judgments.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DEBORAH R. DOUGLAS
Assistant United States Attorney

AO 245D (Rev. 9/00) - Judgment in a Criminal Case for Revocation

# United States District Court
## Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>CHERRYL WORLEY | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses Committed On or After November 1, 1987)<br><br>USDC Case Number: CR-02-40170-001 DLJ<br>BOP Case Number: DCAN402CR040170-001<br>USM Number 97225-011<br>Defendant's Attorney :Joyce Leavitt |

**THE DEFENDANT:**

[x]    admitted guilt to violation of condition(s) <u>Charges One through Five of Amended Petition filed 1/28/09 regarding the</u> term of supervision.

[ ]    was found in violation of condition(s) ___ after denial of guilt.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| <u>Violation Number</u> | <u>Nature of Violation</u> | <u>Date Violation Occurred</u> |
|---|---|---|
| See next page. | | |

    The defendant is sentenced as provided in pages 2 through <u>4</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has not violated condition(s) ___ and is discharged as to such violation(s) condition.

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

<u>March 5, 2010</u>
Date of Imposition of Judgment

_____
Signature of Judicial Officer

<u>Honorable D. Lowell Jensen, U. S. District Judge</u>
Name & Title of Judicial Officer

<u>March 11, 2010</u>
Date

AO 245D (Rev. 12/03) Judgment in a Criminal Case for Revocation

DEFENDANT:        CHERRYL WORLEY                                    Judgment - Page 2 of 4
CASE NUMBER:      CR-02-40170-001 DLJ

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| Charge One | Violation of standard condition to not commit another federal, state or local crime. | 12/21/08 |
| Charge Two | Violation of standard condition number 11 to notify probation officer within 72 hours of being arrested. | 12/21/08 |
| Charge Three | Violation of standard condition number two to submit truthful and complete written report within first 5 days of each month. | 1/26/09 |
| Charge Four | Violation of standard condition number six to notify probation officer within 10 days of any change in employment. | 1/23/09 |
| Charge Five | Violation of special condition number seven that she not be in a position of fiduciary capacity or employed in position with access to financial or personal information without prior approval of probation officer. | 1/26/09 |

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case Sheet 2 - Imprisonment

| | |
|---|---|
| DEFENDANT: **CHERRYL WORLEY** | Judgment - Page 3 of 4 |
| CASE NUMBER: CR-02-40170-001 DLJ | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  5 months .

[x]     The Court makes the following recommendations to the Bureau of Prisons:
that defendant be housed in a facility as close to this area as possible.

[ ]     The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

[ ]     The defendant shall surrender to the United States Marshal for this district.

   [ ] at ___ [] am [] pm on ___.
   [ ] as notified by the United States Marshal.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[x]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [x] before12:00 noon  on  5/4/2010 .
   [x] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Office.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____  to  _____

at _____ , with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By  _____

Deputy United States Marshal

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | |
|---|---|
| DEFENDANT: **CHERRYL WORLEY** | Judgment - Page 4 of 4 |
| CASE NUMBER: CR-02-40170-001 DLJ | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  2 years .
The same conditions of supervised release as previously imposed.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[ ]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)

[ ]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1)   The defendant shall not leave the judicial district without permission of the court or probation officer;

2)   The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;

3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   The defendant shall support his or her dependants and meet other family responsibilities;

5)   The defendant shall work regularly at a lawful occupation,  unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and

13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# UNITED STATES DISTRICT COURT

**FILED**

**JAN 2 8 2009**

for

## NORTHERN DISTRICT OF CALIFORNIA

Oakland Venue

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

---

### Amended Petition for Summons for Offender Under Supervision

---

Name of Offender:  Cherryl Ferguson          Docket No.:  CR 02-40170-01 DLJ

Name of Sentencing Judge:  The Honorable D. Lowell Jensen
Senior United States District Judge

Date of Original Sentence:  August 27, 2004

Original Offense:
Count One: Mail Fraud, 18 U.S.C. § 1341, a Class D felony

Original Sentence:  18 months custody, to run concurrently with CR 03-40165-DLJ; 3 years supervised release.

Special Conditions:  Special assessment $100; restitution $31,660; mental health treatment; access to financial information; no new lines of credit or debt; no position of fiduciary responsibility and the defendant is not to be employed in a position where she has access to financial and/or personal information without prior approval; no false identification and provide true identity, Cherryl Ferguson; search

Prior Form(s) 12:  On October 10, 2006, the court took judicial notice relative to a three count petition alleging failure to submit a truthful monthly report, failure to notify the probation officer of an employment change, and failure to use the name Cheryl Ferguson.

Type of Supervision: Supervised Release      Date Supervision Commenced: January 31, 2006
Assistant U.S. Attorney: Deborah R. Douglas      Defense Counsel: Joyce Leavitt (AFPD)

---

NDC-SUPV-FORM 12C(1) 06/23/08

Cherryl Ferguson                                                                    Page 2
CR 02-40170-01 DLJ

## Petitioning the Court

The Court take notice of the amended petition, specifically the inclusion of charges four through six, and the offender appear for setting of revocation proceedings on February 5, 2009 at 10:00 am.

I, John D. Woods, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that the offender violated the standard condition that indicates the defendant shall not commit another federal, state, or local crime. |

According to a Notice of Arrest, on December 21, 2008, Ms. Ferguson was arrested by the California Highway Patrol (CHP) for a violation of California Vehicle Code § 23152(a) - Driving Under the Influence of Alcohol. The offender was taken into custody without incident and transported to the county jail in Oakland, California. Ms. Ferguson's next court appearance in this matter is set for January 21, 2009, at 9:00 AM, in the Alameda County Superior Court. According to the CHP the arrest report in this matter has not been finalized.

Evidence to support this charge is contained in the December 23, 2008, Notice of Arrest received by the United States Probation Office.

NDC-SUPV-FORM 12C(1) 06/23/08

Cherryl Ferguson                                                                     Page 3
CR 02-40170-01 DLJ

Two                    There is probable cause to believe that the offender violated standard
                       condition number eleven that she shall notify the probation officer within 72
                       hours of being arrested.

                              Ms. Ferguson failed to report her December 21, 2008, arrest by the
                              CHP within the required time frame. On December 29, 2008, Ms.
                              Ferguson called me and reported her arrest for the above noted
                              Driving Under the Influence of Alcohol charge.

                              Evidence to support this charge is contained in the probation officer's
                              chronological entry for the offender dated December 29, 2008, and
                              my testimony.

Three                  There is probable cause to believe that the offender violated special condition
                       number five that she pay restitution in the total amount of $31,660.

                              The offender has generally been making $100 monthly payments
                              toward her outstanding restitution balances. However, the current
                              outstanding restitution balance is $30,905 as her payments have been
                              credited toward her outstanding restitution obligation in CR 04-4005-
                              01-DLJ.

                              Evidence to support this charge is contained in the U.S. Courts Case
                              Inquiry Reports dated December 30, 2008, for the above noted cases.

Four                   There is probable cause to believe that the offender violated standard
                       condition number two that she submit a truthful and complete written report
                       within the first five days of each month.

                              The offender admitted to the probation officer on January 26, 2009,
                              during a telephone conversation, that she was employed at Lifelong
                              Medical Adult Day Care in Oakland, California. She related that she
                              did not want to report this employment information because she did
                              not want her status as a convicted felon "broadcasted" to her
                              employer. Upon subsequent conversations with her employer, I
                              discovered that the offender has been employed at Lifelong Medical
                              Care since May 2008. This information was not reported on any of
                              the written Monthly Supervision reports (MSR) submitted to the
                              probation officer.

                              Evidence to support this charge is contained in the Monthly
                              Supervision Reports submitted between May 2008 and December
                              2008.

Cherryl Ferguson                                                                        Page 4
CR 02-40170-01 DLJ

Five                        There is probable cause to believe that the offender violated standard
                            condition number six that she notify the probation officer within 10 days of
                            any change in employment.

                                    Ms. Ferguson was contacted by me on January 23, 2009, and denied
                                    working at any place other than the work reported on her Monthly
                                    Supervision Report.  On January 26, 2009, Ms. Ferguson contacted
                                    me and admitted to working at Lifelong Medical Care, located at
                                    9933 MacArthur Boulevard, Oakland, California.  I discovered,
                                    during discussions with her supervisor, that the offender had been
                                    working there since May 2008.

                                    Evidence to support this charge is contained in the offender's
                                    chronological notes dated January 26, 2009, and my testimony.

Six                         There is probable cause to believe that the offender violated special condition
                            number seven that she not be in a position of fiduciary capacity or be
                            employed in a position where she has access to financial and/or personal
                            information without the prior approval of the probation officer.

                                    The offender never disclosed her employment at Lifelong Medical
                                    Care, located at 9933 MacArthur Boulevard, Oakland, California, nor
                                    the nature of her employment to me, and according to her employer,
                                    she failed to disclose on her employment application that she had
                                    previously been convicted of a felony.  Mr. Rick Airaudi also
                                    indicated that since May 2008, the offender has had access to patient
                                    files which include personal and billing information.

                                    Evidence to support this charge is contained in the offender's
                                    chronological notes dated January 26, 2009, and my testimony.

                                                            NDC-SUPV-FORM 12C(1) 06/23/08

Cherryl Ferguson                                                                    Page 5
CR 02-40170-01 DLJ

Based on the foregoing, there is probable cause to believe that Cherryl Ferguson violated the
conditions of her supervision.

Respectfully submitted,

John D. Woods
U.S. Probation Officer
Date Signed: December 30, 2008

                                        Approved as to form:

                                        Marlana R. Peter
                                        Supervisory U.S. Probation Officer

Having considered the information set forth above, the court finds there is probable cause to believe
there has been a violation of the conditions of supervision and orders:

☑ The Court take notice of the amended petition, specifically the inclusion of charges four through
   six, and the offender appear for setting of revocation proceedings on February 5, 2009 at 10:00
   am. BEFORE MAGISTRATE JUDGE BRAZIL.
☐ Other:

___Jan 28, 2009___                      _____
Date                                    D. Lowell Jensen
                                        Senior United States District Judge

AO 245D (Rev. 9/00) – Judgment in a Criminal Case for Revocation

# United States District Court
## Northern District of California

UNITED STATES OF AMERICA

v.

CHERRYL WORLEY

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

USDC Case Number: CR-03-40165-001 DLJ
BOP Case Number: DCAN403CR040165-001
USM Number 97225-011
Defendant's Attorney :Joyce Leavitt

**THE DEFENDANT:**

[x]  admitted guilt to violation of condition(s) Charges One through Five of the Amended Petition filed 1/28/09 regarding the term of supervision.

[ ]  was found in violation of condition(s) ___ after denial of guilt.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through _4_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has not violated condition(s) ___ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

March 5, 2010
Date of Imposition of Judgment


Signature of Judicial Officer


Honorable D. Lowell Jensen, U. S. District Judge
Name & Title of Judicial Officer


March 11, 2010
Date

AO 245D (Rev. 12/03) Judgment in a Criminal Case for Revocation

DEFENDANT:        CHERRYL WORLEY                                    Judgment - Page 2  of  4
CASE NUMBER:     CR-03-40165-001 DLJ

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| Charge One | Violation of standard condition to not commit another federal, state or local crime | 12/21/08 |
| Charge Two | Violation of standard condition number 11 to notify probation officer within 72 hours of being arrested. | 12/21/08 |
| Charge Three | Violation of standard condition number two to submit truthful and complete  written report within first 5 days of each month. | 1/26/09 |
| Charge Four | Violation of standard condition number six to notify probation officer within 10 days of any change in employment. | 1/23/09 |
| Charge Five | Violation of special condition number seven that she not be in a position of fiduciary capacity or employed in position with access to financial or personal information without prior approval of probation officer. | 1/26/09 |

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case Sheet 2 - Imprisonment

| | | |
|---|---|---|
| DEFENDANT: | CHERRYL WORLEY | Judgment - Page 3 of 4 |
| CASE NUMBER: | CR-03-40165-001 DLJ | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  5 months .

The term of imprisonment in this case is to run **consecutive** to the term of imprisonment in case CR-02-40170-DLJ.

[x]      The Court makes the following recommendations to the Bureau of Prisons:
that defendant be housed in a facility as close to this area as possible

[ ]      The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

[ ]      The defendant shall surrender to the United States Marshal for this district.

    [ ] at ___ [] am [] pm on ___.
    [ ] as notified by the United States Marshal.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[x]      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [x] before12:00 noon on  5/4/2010 .
    [x] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Office.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____

Deputy United States Marshal

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | CHERRYL WORLEY | Judgment - Page 4 of 4 |
| CASE NUMBER: | CR-03-40165-001 DLJ | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  2 years .
The term and conditions of supervised release in this case are to run **concurrent** to the term and conditions of supervised release in
CR-02-40170-DLJ

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

[ ]     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check if applicable.)

[ ]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]     The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1)   The defendant shall not leave the judicial district without permission of the court or probation officer;

2)   The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;

3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   The defendant shall support his or her dependants and meet other family responsibilities;

5)   The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and

13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 4:03-cr-40~05-DLJ   Document 102   Filed 01/~~/2009   Page ~~~ **FILED**

# UNITED STATES DISTRICT COURT

for

## NORTHERN DISTRICT OF CALIFORNIA

Oakland Venue

JAN 2 8 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

### Amended Petition for Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: | Cherryl Ferguson   Docket No.:  CR 03-40165-01 DLJ |
| Name of Sentencing Judge: | The Honorable D. Lowell Jensen<br>Senior United States District Judge |
| Date of Original Sentence: | August 27, 2004 |

Original Offense:
Count One: Fraud and Related Activity in Connection with Access Devices, 18 U.S.C. § 1029(a)(5), a Class C felony

Original Sentence: 30 months custody; 3 years supervised release, to run concurrently to the terms and conditions in CR 02-40170 DLJ, with the exception of the restitution amount.

Special Conditions: Special assessment $100; restitution $37,967; access to financial information; no new lines of credit or debt; no position of fiduciary capacity and the defendant is not to be employed in a position where she has access to financial and/or personal information without prior approval; no false identification and provide true identity, Cherryl Ferguson; search, mental health counseling, search

Prior Form(s) 12: On October 10, 2006, the court took judicial notice relative to a three count petition alleging failure to submit a truthful monthly report, failure to notify the probation officer of an employment change, and failure to use the name Cheryl Ferguson.

| | |
|---|---|
| Type of Supervision: Supervised Release | Date Supervision Commenced: January 31, 2006 |
| Assistant U.S. Attorney: Deborah R. Douglas | Defense Counsel: Joyce Leavitt (AFPD) |

NDC-SUPV-FORM 12C(1) 06/23/08

Cherryl Ferguson                                                                    Page 2
CR 03-40165-01 DLJ

## Petitioning the Court

The Court take notice of the amended petition, specifically the inclusion of charges four through six, and the offender appear for setting of revocation proceedings on February 5, 2009 at 10:00 am

I, John D. Woods, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that the offender violated the standard condition that indicates the defendant shall not commit another federal, state, or local crime. |

According to a Notice of Arrest, on December 21, 2008, Ms. Ferguson was arrested by the California Highway Patrol (CHP) for a violation of California Vehicle Code § 23152(a) - Driving Under the Influence of Alcohol. The offender was taken into custody without incident and transported to the county jail in Oakland, California. Ms. Ferguson's next court appearance in this matter is set for January 21, 2009, at 9:00 am, in the Alameda County Superior Court. According to the CHP the arrest report in this matter has not been finalized.

Evidence to support this charge is contained in the December 23, 2008, Notice of Arrest received by the United States Probation Office.

NDC-SUPV-FORM 12C(1) 06/23/08

Cherryl Ferguson                                                                                    Page 3
CR 03-40165-01 DLJ

Two                    There is probable cause to believe that the offender violated standard
                       condition number eleven that she shall notify the probation officer within 72
                       hours of being arrested.

                              Ms. Ferguson failed to report her December 21, 2008, arrest by the
                              CHP within the required time frame.  On December 29, 2008, Ms.
                              Ferguson called me and reported her arrest for the above noted
                              Driving Under the Influence of Alcohol charge.

                              Evidence to support this charge is contained in the probation officer's
                              chronological entry for the offender dated December 29, 2008, and
                              my testimony.

Three                  There is probable cause to believe that the offender violated special condition
                       number five that she pay restitution in the total amount of $37,967.

                              The offender has generally been making $100 per month payments
                              toward her outstanding restitution balances.  However, the current
                              outstanding restitution balance remains at $37,839.29 as her payments
                              have been credited toward her outstanding restitution obligation in
                              CR 02-40170-01-DLJ and CR 04-40051-01-DLJ.

                              Evidence to support this charge is contained in the U.S. Courts Case
                              Inquiry Reports dated December 30, 2008, for the above noted cases.

Cherryl Ferguson                                                                 Page 4
CR 03-40165-01 DLJ

Four                    There is probable cause to believe that the offender violated standard
                        condition number two that she submit a truthful and complete written report
                        within the first five days of each month.

                               The offender admitted to the probation officer on January 26, 2009,
                               during a telephone conversation, that she was employed at Lifelong
                               Medical Adult Day Care in Oakland, California. She related that she
                               did not want to report this employment information because she did
                               not want her status as a convicted felon "broadcasted" to her
                               employer. Upon subsequent conversations with her employer, I
                               discovered that the offender has been employed at Lifelong Medical
                               Care since May 2008. This information was not reported on any of
                               the written Monthly Supervision reports (MSR) submitted to the
                               probation officer.

                               Evidence to support this charge is contained in the Monthly
                               Supervision Reports submitted between May 2008 and December
                               2008.

Five                    There is probable cause to believe that the offender violated standard
                        condition number six that she notify the probation officer within 10 days of
                        any change in employment.

                               Ms. Ferguson was contacted by me on January 23, 2009, and denied
                               working at any place other than the work reported on her Monthly
                               Supervision Report. On January 26, 2009, Ms. Ferguson contacted
                               me and admitted to working at Lifelong Medical Care, located at
                               9933 MacArthur Boulevard, Oakland, California. I discovered,
                               during discussions with her supervisor, that the offender had been
                               working there since May 2008.

                               Evidence to support this charge is contained in the offender's
                               chronological notes dated January 26, 2009, and my testimony.

Cherryl Ferguson                                                                 Page 5
CR 03-40165-01 DLJ

Six                    There is probable cause to believe that the offender violated special condition
                       number seven that she not be in a position of fiduciary capacity or be
                       employed in a position where she has access to financial and/or personal
                       information without the prior approval of the probation officer.

                              The offender never disclosed her employment at Lifelong Medical
                              Care, located at 9933 MacArthur Boulevard, Oakland, California, nor
                              the nature of her employment to me, and according to her employer,
                              she failed to disclose on her employment application that she had
                              previously been convicted of a felony.  Mr. Rick Airaudi also
                              indicated that since May 2008, the offender has had access to patient
                              files which include personal and billing information.

                              Evidence to support this charge is contained in the offender's
                              chronological notes dated January 26, 2009, and my testimony.

Based on the foregoing, there is probable cause to believe that Cherryl Ferguson violated the
conditions of her supervision.

Respectfully submitted,

John D.  Woods
U.S. Probation Officer
Date Signed:  January 26, 2009

                                        Approved as to form:

                                        Marlana R.  Peter
                                        Supervisory U.S. Probation Officer

                                                              NDC-SUPV-FORM 12C(1) 06/23/08

Cherryl Ferguson
CR 03-40165-01 DLJ

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

☑ The Court take notice of the amended petition, specifically the inclusion of charges four through six, and the offender appear for setting of revocation proceedings on February 5, 2009 at 10:00 am Before MAGISTRATE JUDGE BRAZIL.

☐ Other:

_____
Date         Jan 28, 2009

_____
D. Lowell Jensen
Senior United States District Judge

AO 245D (Rev. 9/00) - Judgment in a Criminal Case for Revocation

# United States District Court
## Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> CHERRYL WORLEY | **JUDGMENT IN A CRIMINAL CASE** <br> (For Revocation of Probation or Supervised Release) <br> (For Offenses Committed On or After November 1, 1987) <br><br> USDC Case Number: CR-04-40051-001 DLJ <br> BOP Case Number: DCAN404CR040051-001 <br> USM Number:     97225-011 <br> Defendant's Attorney :Joyce Leavitt |

**THE DEFENDANT:**

[x]     admitted guilt to violation of condition(s) Charges One through Five of the Amended Petition filed 1/28/09 regarding the term of supervision.

[ ]     was found in violation of condition(s) ___ after denial of guilt.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through _4_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]     The defendant has not violated condition(s) ___ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

March 5, 2010
Date of Imposition of Judgment


Signature of Judicial Officer


Honorable D. Lowell Jensen, U. S. District Judge
Name & Title of Judicial Officer


March 11, 2010
Date

AO 245D (Rev. 12/03) Judgment in a Criminal Case for Revocation

| | |
|---|---|
| DEFENDANT:  CHERRYL WORLEY | |
| CASE NUMBER:  CR-04-40051-001 DLJ | Judgment - Page 2 of 4 |

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| Charge One | Violation of standard condition to not commit another federal, state or local crime. | 12/21/08 |
| Charge Two | Violation of standard condition number 11 to notify probation officer within 72 hours of being arrested. | 12/21/08 |
| Charge Three | Violation of standard condition number two to submit to truthful and complete written report within first 5 days of each month | 1/26/09 |
| Charge Four | Violation of standard condition number six to notify probation officer within 10 days of any change in employment. | 1/23/09 |
| Charge Five | Violation of special condition number seven that she not be in a position of fiduciary capacity or employed in a position with access to financial or personal information without prior approval of probation officer. | 1/26/09 |

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case Sheet 2 - Imprisonment

| | |
|---|---|
| DEFENDANT:   **CHERRYL WORLEY** | Judgment - Page 3 of 4 |
| CASE NUMBER:   CR-04-40051-001 DLJ | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  5 months .

The term of imprisonment in this case is to run concurrent to the term of inprisonment in case CR-02-40170-DLJ and  to run  concurrent to the term of imprisonment in case CR-03-40165-DLJ.

[x]      The Court makes the following recommendations to the Bureau of Prisons:
that the defendant be housed in a facility as close to this area as possible.


[ ]      The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.


[ ]      The defendant shall surrender to the United States Marshal for this district.

    [ ] at ___ [] am [] pm on ___.
    [ ] as notified by the United States Marshal.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[x]      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [x] before12:00 noon  on  5/4/2010 .
    [x] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Office.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By  _____
Deputy United States Marshal

Case4:04-cr-40051-DLJ   Document45   Filed03/11/10   Page4 of 4

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | |
|---|---|
| DEFENDANT:  **CHERRYL WORLEY** | |
| CASE NUMBER:  CR-04-40051-001 DLJ | Judgment - Page 4 of 4 |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  _2 years_ .
The term and conditions of supervised release are the same as in case CR-02-40170-DLJ and are to run concurrent to the term and conditions of supervised release in case CR-02-40170-DLJ and concurrent to case  CR-03-40165-DLJ.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

[ ]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check if applicable.)

[ ]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1)   The defendant shall not leave the judicial district without permission of the court or probation officer;
2)   The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)   The defendant shall support his or her dependants and meet other family responsibilities;
5)   The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# UNITED STATES DISTRICT COURT

**FILED**

for

JAN 2 8 2009

## NORTHERN DISTRICT OF CALIFORNIA

Oakland Venue

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

---

### Amended Petition for Summons for Offender Under Supervision

---

Name of Offender:        Cherryl Ferguson            Docket No.: CR 04-40051-01 DLJ

Name of Sentencing Judge:   The Honorable D. Lowell Jensen
                            Senior United States District Judge

Date of Original Sentence:  August 27, 2004

Original Offense:
Count One: Fraud and Related Activity in Connection with Access Devices, 18 U.S.C. § 1029(a)(5), a Class C felony

Original Sentence: 8 months custody to fun consecutive to the sentence in CR 02-40170-DLJ and CR 03-40165-DLJ; 3 years supervised release to run concurrent to CR 02-40170-DLJ and CR 03-40165-DLJ, with the exception of restitution amounts.

Special Conditions: Special assessment $100; restitution $1,770; mental health treatment; access to financial information; no new lines of credit or debt; no position of fiduciary responsibility and the defendant is not to be employed in a position where she has access to financial and/or personal information without prior approval; no false identification and provide true identity, Cheryl Ferguson; search

Prior Form(s) 12: On October 10, 2006, the court took judicial notice relative to a three count petition alleging failure to submit a truthful monthly report, failure to notify the probation officer of an employment change, and failure to use the name Cheryl Ferguson.

Type of Supervision: Supervised Release        Date Supervision Commenced: January 31, 2006
Assistant U.S. Attorney: Deborah R. Douglas        Defense Counsel: Joyce Leavitt (AFPD)

---

### Petitioning the Court

The Court take notice of the amended petition, specifically the inclusion of charges four through six, and the offender appear for setting of revocation proceedings on February 5, 2009 at 10:00 am.

NDC-SUPV-FORM 12C(1) 06/23/08

Cherryl Ferguson
CR 04-40051-01 DLJ

I, John D. Woods, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that the offender violated the standard condition that indicates the defendant shall not commit another federal, state, or local crime. |

> According to a Notice of Arrest, on December 21, 2008, Ms. Ferguson was arrested by the California Highway Patrol (CHP) for a violation of California Vehicle Code § 23152(a) - Driving Under the Influence of Alcohol. The offender was taken into custody without incident and transported to the county jail in Oakland, California. Ms. Ferguson's next court appearance in this matter is set for January 21, 2009, at 9:00 AM, in the Alameda County Superior Court. According to the CHP the arrest report in this matter has not been finalized.

> Evidence to support this charge is contained in the December 23, 2008, Notice of Arrest received by the United States Probation Office.

NDC-SUPV-FORM 12C(1) 06/23/08

Cherryl Ferguson
CR 04-40051-01 DLJ

Page 3

Two

There is probable cause to believe that the offender violated standard condition number eleven that she shall notify the probation officer within 72 hours of being arrested.

Ms. Ferguson failed to report her December 21, 2008, arrest by the CHP within the required time frame. On December 29, 2008, Ms. Ferguson called me and reported her arrest for the above noted Driving Under the Influence of Alcohol charge.

Evidence to support this charge is contained in the probation officer's chronological entry for the offender dated December 29, 2008, and my testimony.

Three

There is probable cause to believe that the offender violated standard condition number two that she submit a truthful and complete written report within the first five days of each month.

The offender admitted to the probation officer on January 26, 2009, during a telephone conversation, that she was employed at Lifelong Medical Adult Day Care in Oakland, California. She related that she did not want to report this employment information because she did not want her status as a convicted felon "broadcasted" to her employer. Upon subsequent conversations with her employer, I discovered that the offender has been employed at Lifelong Medical Care since May 2008. This information was not reported on any of the written Monthly Supervision reports (MSR) submitted to the probation officer.

Evidence to support this charge is contained in the Monthly Supervision Reports submitted between May 2008 and December 2008.

NDC-SUPV-FORM 12C(1) 06/23/08

Cherryl Ferguson
CR 04-40051-01 DLJ                                                    Page 4

Four                    There is probable cause to believe that the offender violated standard
                        condition number six that she notify the probation officer within 10 days of
                        any change in employment.

                            Ms. Ferguson was contacted by me on January 23, 2009, and denied
                            working at any place other than the work reported on her Monthly
                            Supervision Report. On January 26, 2009, Ms. Ferguson contacted
                            me and admitted to working at Lifelong Medical Care, located at
                            9933 MacArthur Boulevard, Oakland, California. I discovered,
                            during discussions with her supervisor, that the offender had been
                            working there since May 2008.

                            Evidence to support this charge is contained in the offender's
                            chronological notes dated January 26, 2009, and my testimony.

Five                    There is probable cause to believe that the offender violated special condition
                        number seven that she not be in a position of fiduciary capacity or be
                        employed in a position where she has access to financial and/or personal
                        information without the prior approval of the probation officer.

                            The offender never disclosed her employment at Lifelong Medical
                            Care, located at 9933 MacArthur Boulevard, Oakland, California, nor
                            the nature of her employment to me, and according to her employer,
                            she failed to disclose on her employment application that she had
                            previously been convicted of a felony. Mr. Rick Airaudi also
                            indicated that since May 2008, the offender has had access to patient
                            files which include personal and billing information.

                            Evidence to support this charge is contained in the offender's
                            chronological notes dated January 26, 2009, and my testimony.

                                                            NDC-SUPV-FORM 12C(1) 06/23/08

Cherryl Ferguson                                                                    Page 5
CR 04-40051-01 DLJ

Based on the foregoing, there is probable cause to believe that Cherryl  Ferguson violated the
conditions of her supervision.


Respectfully submitted,


John D. Woods
U.S. Probation Officer
Date Signed:  December 30, 2008


                                        Approved as to form:


                                        Marlana R. Peter
                                        Supervisory U.S. Probation Officer

Having considered the information set forth above,  the court finds there is probable cause to believe
there has been a violation of the conditions of supervision and orders:

☑  The Court take notice of the amended petition, specifically the inclusion of charges four through
   six, and the offender appear for setting of revocation proceedings on February 5, 2009 at 10:00
   am. BEFORE MAGISTRATE JUDGE BRAZIL.
☐  Other:


____Jan 28, 2009_____          _____
Date                              D. Lowell Jensen
                                  Senior United States District Judge